JUDGE DUVALL
delivered the opinion of the court:
Two suits were instituted by Porterfield in his lifetime, against the appellant, in the state of Yirginia. Pending the suits the plaintiff died, and they were revived in the name of *640 the present appellee. The cases were tried upon the issue formed by the pleas of payment,, and there were judgments in favor of the appellee for the two debts in contest. Those two judgments constitute the basis of the present action. It is obvious that the case is not within the letter or policy of the act of 1854, (Sess. Acts, 1853-4, p. 19,) which provides in substance that the personal representatives of non-resident decedents may prosecute actions for the recovery of debts “ due to such decedents, without having taken out letters testamentary or of administration in this state, if such letters testamentary or of administration have been granted by any competent tribunal in the United States.” The second section provides that “ in such actions it shall be necessary for the plaintiff to file the order of a competent tribunal granting such letters,” and to execute a covenant to the effect that the plaintiff will, to the extent of money that shall come to him in the action, pay debts due by the decedent to residents of Kentucky.
The debts originally due to Porterfield are merged in the two judgments sued upon. Those judgments are in the name of Brown, the executor of Porterfield. It cannot be said, therefore, that this action was prosecuted to recover a debt due to the decedent in the sense in which those expressions are used in the statute. Strictly, and technically speaking, the debts sued for are debts due to the plaintiff in the action; they are due to him in his representative character, it is true; but they are, nevertheless, debts due to him, and not to the decedent, the judgments being in his name as executor.
But, in addition to this, the records themselves furnish evidence which the appellant would be estopped to controvert, that the appellee was the executor of Porterfield, and hence it would be manifestly absurd to have required the plaintiff to file “ the order of a competent tribunal granting such letters testamentary,” for the purpose of proving a fact which had been already established conclusively.
For the reasons indicated, the failure of the plaintiff to execute the bond required by the statute, cannot have the effect of invalidating the judgment. Besides, if the objection were *641 available, it does not appear to have been made in the court below, either before or after judgment.
The judgment being clearly right upon the merits, must be affirmed.